# EXHIBIT A

IN CIRCUIT COURT NO. __1__ OF CLARK COUNTY
STATE OF INDIANA

GERALD KEYES, JR.
9727 Hunting Ground Court
Louisville, Kentucky 40228
    Plaintiff

CAUSE NO. 10C0_1_-1404-CT-_061_

v.

SCHINDLER ELEVATOR CORPORATION
20 Whippany Road
Morristown, New Jersey 07960
    Defendant
        Serve:    C T Corporation System
                  150 West Market Street Suite 800
                  Indianapolis, Indiana 46204



FILED
APR 30 2014
CLERK of the CLARK COUNTY COURTS

## COMPLAINT

\* \* \* \* \*

Comes the plaintiff, Gerald Keyes, Jr. ("Keyes"), by counsel, and for his complaint against the defendant, Schindler Elevator Corporation ("Schindler"), states as follows:

1. The plaintiff, Gerald Keyes, Jr., is a resident of the Commonwealth of Kentucky, where he has resided at all times pertinent hereto.

2. The defendant, Schindler Elevator Corporation, is a Delaware corporation, organized and existing under the laws of the State of Delaware. The defendant corporation is registered to do business in the State of Indiana. The plaintiff, Gerald Keyes, Jr., was employed by the defendant and worked at and out of the Schindler Elevator Company plant located at 1400 Woerner Avenue, Clarksville, Clark County, Indiana.

3. Jurisdiction and venue of this claim rests in this Court.

4. On or about April 26, 2013, the plaintiff filed his complaint with the Indiana Civil Rights Commission, claiming discrimination under Title VII, the Americans with Disabilities Act ("the Act") and/or other federal law.

1

5. On or about January 31, 2014, the U.S. Equal Employment Opportunity Commission issued its ruling that it was unable to conclude that the defendant had violated the Act and issued its right to sue letter, a copy of which is attached to this complaint as Exhibit "A."

6. The subject claim brought in this action is timely filed.

## FACTS

7. The plaintiff, Gerald Keyes, Jr., is an individual with the recent onset of a disability that occurred after his hire date with the defendant-employer.

8. Keyes commenced employment with the defendant on or about May 29, 2012 as a mechanic. At all times pertinent hereto, he has been able to perform his duties as a mechanic for the defendant except for a brief time when he was ordered off work after injuring his left eye at home on January 14, 2013.

9. On or about January 25, 2013, Keyes was released by his physician(s) to return to work, with only the restriction of wearing safety glasses.

10. Keyes resumed his work as an employee of Schindler and was able to perform all relevant tasks pertinent to his job description.

11. Thereafter, on or about February 20, 2013, Keyes was asked by his supervisor to verify with his treating physicians that he could perform his duties as a mechanic at Schindler after the onset of his disability.

12. Shortly thereafter, Keyes' doctor signed a release to work again, containing only the restriction that Keyes wear safety glasses.

13. In March 2013, Keyes was instructed to see Schindler's company doctor by the company's Safety Coordinator to obtain a statement that he could continue to perform his job duties. Keyes complied.

14. To Keyes' best knowledge and belief, Schindler's company doctor agreed that Keyes was able to perform his job as a mechanic.

15. After this visit, Schindler failed and refused to put Keyes to work, in violation of Keyes' rights in general and of the Americans with Disabilities Act, as amended, in particular.

## COUNT I

16. 42 U.S.C. Sec. 12112(a) and (b) ("the Act") prohibits discrimination against a qualified individual on the basis of disability in regard to the hiring or discharge of employees and all related principles of employment. Moreover, the Act prohibits, among other things:

(A) limiting or classifying an employee in a way that adversely affects the employee's employment because of his disability; or

(B) utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability; or

(C) excluding or denying equal jobs or benefits to a qualified individual because of a known disability; or

(D) refusing to make reasonable accommodations to an employee with a known physical limitation of an otherwise qualified individual; or

(E) denying employment opportunities to a disabled employee who is otherwise qualified based upon the employer's need to make reasonable accommodations (e.g., in this case, allowing safety glasses, which are already required under company rules) because of the physical impairment of the employee; or

(F) denying employment because of the use of qualification standards, employment tests, or other criteria that screens out an individual, such as the plaintiff, who has a disability and which standards and tests are not consistent with business necessity; or

(G) denying employment because of the results of tests that are not designed to accurately reflect the skills, aptitude, or other factor(s) that are necessary for the employee to adequately perform his job description.

17. The practices employed by the defendant, Schindler Elevator Corporation, in this case as they relate to the continued employment of the plaintiff, Gerald Keyes, Jr., are in violation of the Act.

18. The decision of the defendant to effectively terminate the plaintiff's position as a mechanic with the company has served to deprive Gerald Keyes, Jr. of his equal employment opportunities intended to be guaranteed by the Act and has otherwise served to adversely affect Keyes' status as an employee of the defendant, Schindler.

19. The unlawful employment practices Keyes complains of herein were and are intentional.

20. As a direct and proximate result of the violations of 42 U.S.C. Sec. 12112(a) and (b) as set forth herein and as practiced by the defendant, Schindler Elevator Company, the plaintiff, Gerald Keyes, Jr., has incurred and will continue to suffer damages, including, but not limited to, lost wages and benefits; loss of earning capacity; emotional distress; pain and suffering; humiliation; inconvenience; and loss of enjoyment of life, as well as other general harm in amounts in excess of the jurisdictional limits of this Court.

21. The defendant, Schindler, is also liable for the assessment of punitive damages as a result of its intentional violation of the Act, as well as for its reckless disregard for the plaintiff's rights, in an amount to be proven at trial.

WHEREFORE, the plaintiff, Gerald Keyes, Jr., prays for the following relief:

1) Judgment against the defendant, Schindler Elevator Corporation, for compensatory damages in an amount to be proven at trial;

2) Judgment against the defendant, Schindler Elevator Corporation, for punitive damages for its intentional and/or reckless conduct as described herein, in an amount to be proven at trial;

3)   Award against the defendant, Schindler Elevator Corporation, of plaintiff's costs, attorney fees, and interest as provided by law; and

4)   For all other relief to which he may be entitled.

_____
J. GREGORY JOYNER
Indiana Attorney #4985-98
462 South Fourth Street, Suite 1730
Louisville, Kentucky 40202
(502) 583-3081; fax: (502) 583-2418
ATTORNEY FOR PLAINTIFF

## MOTION FOR JURY TRIAL

Comes now the plaintiff, by counsel, and respectfully requests this Court to submit the above-captioned cause to a trial by jury.

_____
J. GREGORY JOYNER
Indiana Attorney #4985-98

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Gerald Keyes, Jr.<br>9727 Hunting Ground Court<br>Louisville, KY 40228 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2013-01929 | Michelle D. Ware,<br>Enforcement Supervisor | (317) 226-5161 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Webster N. Smith,
Director

JAN 31 2014
*(Date Mailed)*

Enclosures(s)

cc:   Karen L. Espinosa
Manager, Employment & HR Compliance
SCHINDLER ELEVATOR COMPANY
20 Whippany Road
P.O. Box 1935
Morristown, NJ 07962-1935

**EXHIBIT**
*A*

Enclosure with EEOC
Form 161 (11/09)

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

STATE OF INDIANA
IN THE CIRCUIT COURT NO. 1, CLARK COUNTY, INDIANA

GERALD KEYES, JR.
    Plaintiff

CAUSE NO. 10C01-1404-CT-061

v.

SCHINDLER ELEVATOR CORPORATION
20 Whippany Road
Morristown, New Jersey 07960
    Defendant
        Serve:  C T Corporation System
                      150 West Market Street Suite 800
                      Indianapolis, Indiana 46204



FILED
APR 30 2014
CLERK of the CLARK COUNTY COURTS

## SUMMONS

THE STATE OF INDIANA TO DEFENDANT, SCHINDLER ELEVATOR CORPORATION
20 Whippany Road, Morristown, New Jersey 07960

    You have been sued by the person (s) named "plaintiff", in the Court state above.
    The nature of the suit against you is stated in the complaint which is attached to this summons. It also states the demand which the plaintiff has made against you.
    You must answer the complaint in writing to be filed with the Court, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons, (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the plaintiff has demanded.
    If you deny the demand and/or have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.
    It is suggested that you consult with an attorney of your choice regarding this matter.
    The following manner of service of summons is hereby designated: **Certified Mail**

Date   APR 30 2014, 2014.

J. GREGORY JOYNER
INDIANA SUPREME COURT ATTY #4985-98
NABER JOYNER & ASSOCIATES
462 South Fourth Street Suite 1730
Louisville, Kentucky 40202
(502) 583-3081; fax: (502) 583-2418
ATTORNEY FOR PLAINTIFF

_____
Clerk of Circuit Court
of Clark County, Indiana

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served the within summons:

    (1) By delivering a copy of the Summons and a copy of the complaint to the defendant,_____on the _____ day of _____ 20____.

    (2) By leaving a copy of the summons and a copy of the complaint at _____, the dwelling place or usual place of abode of the said defendant, with a person suitable age, and discretion_____.

    (3)_____.

Sheriff's Fees:_____

Additional_____

_____

Sheriff of Clark County, Indiana

By _____

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2014, I mailed a copy of this summons and a copy of the complaint to the defendant, requesting a return receipt, at the address furnished by the plaintiff.

_____

Clerk of the Circuit Court of Clark County, Indiana

Dated _____, 2014.

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to defendant SCHINDLER ELEVATOR CORPORATION was accepted by the defendant's registered process agent on the _____ day of _____, 2014.

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint was returned not accepted on the _____ day of _____, 2014.

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to defendant SCHINDLER ELEVATOR CORPORATION was accepted by the defendant's registered process agent, CT Corporation System, on behalf of said defendant on the _____ day of _____, 2014.

_____

Clerk of the Circuit Court of Clark County, Indiana

A copy of the within summons and a copy of the complaint attached thereto were received by me at _____, this ___ day of _____, 2014.

STATE OF INDIANA    )           IN THE CLARK CIRCUIT COURT
                    ) SS:       CAUSE NO. 10C0_[-1404-CT-_O6_/
COUNTY OF CLARK     )           ( ) Check if Pro Se

GERALD KEYES, JR.
    Plaintiff
v.
SCHINDLER ELEVATOR CORPORATION
    Defendant

FILED
APR 30 2014
CLERK of the CLARK COUNTY COURTS

## APPEARANCE
### (INITIATING PARTY)

1. Name of first initiating party: GERALD KEYES, JR.

2. ATTORNEY INFORMATION (as applicable for service of process):

   Name: J. Gregory Joyner                        Attorney No.: 4985-98
   Address: 462 South Fourth Street Suite 1730    Phone: (502) 583-3081
            Louisville, Kentucky 40202            Fax No. (502) 583-2418
   Computer Address: faline@naberlaw.com and jgjoyn@aol.com

3. CASE TYPE REQUESTED: CT

4. ACCEPT:
   (a)  FAX SERVICE: YES XXX  NO _
   (b)  COURTHOUSE MAILBOX: YES _ NO XXX

5. Social Security Numbers of all family members in proceedings involving support issues.
   Name:   n/a            SS#:
   Name:                  SS#:

6. ARE THERE RELATED CASES? YES ___ NO XXX
   If yes, list case & number below:
   Caption                              Case Number:

7. ADDITIONAL INFORMATION: None

   _____
   J. GREGORY JOYNER
   Indiana Attorney #4985-98
   462 South Fourth Street, Suite 1730
   Louisville, Kentucky 40202
   (502) 583-3081; fax: (502) 583-2418
   ATTORNEY FOR PLAINTIFF